IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIRZA KUJUNDZIC,** *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civ. No. **PJM 14-2054** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

On March 4, 2014, Mirza Kujundzic was sentenced to Counts One and Eight of the Second Superseding Indictment filed in *United States v. Kujundzic*, 10-639 (D. Md. Mar. 4, 2014), which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. § 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). Kujundzic was sentenced to 15 years imprisonment. Kujundzic noticed his appeal the next day.

On June 25, 2014, Kujunzic, proceeding *pro se*, filed the instant civil action in this Court. His Motion for Return of Seized Property seeks the return of all items seized by the FBI at his residence in Woodbridge, Virginia, pursuant to Federal Rule of Criminal Procedure 41(g). ECF No. 1. The Court stayed this action pending the issuance of the mandate by the Fourth Circuit in *United States v. Kujundzic*. ECF No. 5. The Fourth Circuit subsequently affirmed the judgment of this Court in *United States v. Kujundzic*, and the mandate issued on January 1, 2015. The Government subsequently filed an opposition to Kujundzic's Motion for Return of Seized Property. ECF No. 6

The Government argues that this Court lacks jurisdiction over this action because Kujundzic's property was not seized in this district and because there are no pending proceedings relating to his conviction in this court. The Court agrees. Rule 41(e) provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the *district in which the property was seized* for the return of the property on the ground that such person is entitled to lawful possession of the property [ . . . .] If a motion for return of property is made or comes on for hearing in the *district of trial* after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Fed. R. Crim. P. 41(e) (emphasis added).

Kujundzic's property was seized in Woodbridge, Virginia; accordingly, the District of Maryland is not the district in which the property was seized. Furthermore, Rule 41(e) motions can only be made in the district of trial while criminal proceedings are pending in that court. *See United States v. Ebert*, 39 F. App'x 889, 893 (4th Cir. 2002) (citing *United States v. Garcia*, 65 F.3d 17 (4th Cir.1995)). Kujundzic filed his Motion on June 25, 2014, some three months after his appeal of his conviction had been docketed in the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit subsequently affirmed the judgment of this Court. Accordingly, Kujundzic did not have a pending criminal proceeding in this Court when he filed the Motion, and he does not have one today.

Accordingly, the Court lacks jurisdiction over the Motion. The Motion is **DISMISSED WITHOUT PREJUDICE**. A separate Order will **ISSUE.**

                                              /s/
                              **PETER J. MESSITTE**
                      **UNITED STATES DISTRICT JUDGE**

**August 24, 2015**